1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT FOR THE

9                            EASTERN DISTRICT OF CALIFORNIA

10

11  CARLOS QUIROZ,                              1:06-cv-01426-OWW-DLB (PC)

12            Plaintiff,
                                               ORDER DENYING MOTION FOR
13  vs.                                        APPOINTMENT OF COUNSEL

14  CALIFORNIA DEPARTMENT OF
    CORRECTIONS AND REHABILITATION,            (DOCUMENT #13)
15  et al.,
              Defendants.
16
    _____/
17

18            On June 13, 2008, plaintiff filed a motion seeking the appointment of counsel.

19  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland,

20  113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff

21  pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District

22  of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).   However, in certain exceptional

23  circumstances the court may request the voluntary assistance of counsel pursuant to section

24  1915(e)(1).  Rand, 113 F.3d at 1525.

25            Without a reasonable method of securing and compensating counsel, the court will

26  seek volunteer counsel only in the most serious and exceptional cases.  In determining whether

27  "exceptional circumstances exist, the district court  must evaluate both the likelihood of success of

28  the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity

1  of the legal issues involved." Id. (internal quotation marks and citations omitted).

2         In the present case, the court does not find the required exceptional circumstances.

3  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious

4  allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is

5  faced with similar cases almost daily.  Further, at this early stage in the proceedings, the court cannot

6  make a determination that plaintiff is likely to succeed on the merits, and based on a review of the

7  record in this case, the court does not find that plaintiff cannot adequately articulate his claims.  Id.

8         For the foregoing reasons, plaintiff's motion for the appointment of counsel is

9  HEREBY DENIED, without prejudice.

10        IT IS SO ORDERED.

11   Dated:   **June 23, 2008**            _____**/s/ Dennis L. Beck**_____
                                          UNITED STATES MAGISTRATE JUDGE