1

2

3

4

5                       **IN THE UNITED STATES DISTRICT COURT**

6                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

7

8    CARLOS QUIROZ,                          CASE NO. 1:06-cv-01426 OWW DLB PC

9            Plaintiff,              _____  FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING DISMISSAL OF
10       vs.                                  DEFENDANT KAZI FROM ACTION

11   CALIFORNIA DEPARTMENT OF
     CORRECTIONS, et al.,                     (Doc. 23)
12
             Defendants.
13
     _____/
14

15          Plaintiff Carlos Quiroz ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis

16   in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's

17   complaint, filed on October 16, 2006.  (Doc. 1.)  On February 27, 2008, the Court issued an order

18   directing the United States Marshal to initiate service of process on six defendants. (Doc. 10.)

19   Defendants Attygalla, McGuinness, Shen, Wu, and Adams have made an appearance in the action.

20   However, the Marshal was unable to locate and serve Defendant Kazi, and on March 5, 2009, the

21   Marshal returned the USM-285 form to the Court. (Doc. 22.)  On March 10, 2009, the court ordered

22   plaintiff to show cause within thirty days why defendant Kazi should not be dismissed from this action.

23   (Doc. 23.).  Plaintiff did not file a response to the order.

24          Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

25          If a defendant is not served within 120 days after the complaint is filed, the court - on
            motion or on its own after notice to the plaintiff - must dismiss the action without
26          prejudice against that defendant or order that service be made within a specified time.
            But if the plaintiff shows good cause for the failure, the court must extend the time for
27          service for an appropriate period.

28   Fed. R. Civ. P. 4(m).

                                                    1

1    In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order

2    of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated

3    pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the

4    summons and complaint and ... should not be penalized by having his action dismissed for failure to

5    effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v.

6    Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir.

7    1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner

8    has furnished the information necessary to identify the defendant, the marshal's failure to effect service

9    is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d

10   598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate

11   and sufficient information to effect service of the summons and complaint, the court's sua sponte

12   dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

13   In this instance, the address provided by plaintiff for defendant Kazi is no longer accurate, as it

14   appears that Defendant Kazi no longer resides in California and no forwarding information is available.

15   (Doc. 22.)  Plaintiff was provided with the opportunity to show cause why defendant Kazi should not

16   be dismissed from the action at this time, but failed to do so.

17   Accordingly, pursuant to Federal Rule of Civil Procedure 4(m), it is HEREBY

18   RECOMMENDED that defendant Kazi be dismissed from this action, without prejudice.

19   These Findings and Recommendations will be submitted to the United States District Judge

20   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days**

21   after being served with these Findings and Recommendations, the parties may file written objections

22   with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and

23   Recommendations."  The parties are advised that failure to file objections within the specified time may

24   waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25   IT IS SO ORDERED.

26   **Dated:**   **June 18, 2009**          **/s/ Dennis L. Beck**
                                             UNITED STATES MAGISTRATE JUDGE

27

28

2