# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS QUIROZ,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:06-CV-01426-OWW-DLB PC<br><br>ORDER GRANTING DEFENDANT LEAVE TO SUBMIT AMENDED DECLARATIONS<br><br>(ECF NO. 26)<br><br>RESPONSE DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Carlos Quiroz ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation, proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Mallika Attygalla, Chyi Shen, Shu Pin Wu, Perlita McGuinness, and Derral G. Adams for deliberate indifference to a serious medical need in violation of the Eighth Amendment. On November 19, 2009, Defendants filed a motion for summary judgment. (Defs.' Mot. Summ. J., ECF No. 26.) Defendants' motion for summary judgment relies almost entirely upon declarations submitted by doctor David B. Kaye, doctor J. Bradley Taylor, litigation coordinator Johanna Cordova, defense counsel Catherine W. Guess, and Defendants. (Defs.' Mot. Summ. J, Ex. 1, David B. Kaye Decl.; Ex. 2, J. Bradley Taylor Decl.; Ex. 3, Derral. G. Adams Decl.; Ex. 5, Mallika Attygalla Decl.; Ex. 6, Chyi Shen Decl.; Ex. 7, Shu-Pin Wu Decl.; Ex. 8, Perlita McGuinness Decl.; Ex. 9, Johanna Cordova Decl.; Ex. 9, Catherine W. Guess Decl.)[1]

---

[1] Defendants also cite to a transcript of Plaintiff's deposition, for the purpose of contending that Plaintiff is suing Defendant Adams in his official capacity only. (Defs.' Statement of Undisputed Facts 14; Ex. 4, Pl.'s Dep., dated February 26, 2009.) Defendants fail to submit anything that indicates Plaintiff was duly sworn and that the deposition accurately reflects Plaintiff's testimony. *See* Fed. R. Civ. P. 30(f). Thus, the deposition cannot be

1

1  None of these declarations were verified pursuant to 28 U.S.C. § 1746. Section 1746
2  provides that an unsworn declaration may be considered as evidence if it "is subscribed by [the
3  declarant], as true under penalty of perjury, and dated, in substantially the following form . . . (2)
4  If executed within the United States . . . : 'I declare (or certify, verify, or state) under penalty of
5  perjury that the foregoing is true and correct. Executed on (date). (Signature)'." An
6  examination of the declarations indicates that none were verified under penalty of perjury
7  pursuant to § 1746..

8  The Court will grant Defendants the opportunity to submit amended declarations. It is
9  HEREBY ORDERED that Defendants may submit amended declarations in support of their
10 motion for summary judgment within fourteen (14) days from the date of service of this order.
11 Failure to submit amended declarations in a timely manner will be construed as waiver of the
12 opportunity to submit amended declarations.

14  IT IS SO ORDERED.
15  Dated:   **July 19, 2010**          **/s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE

28 considered as evidence.