UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS QUIROZ, | 1:06-CV-01426-OWW-DLB PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART |
| v. | (DOCS. 26, 35, 37, 40) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | ORDER DENYING PLAINTIFF'S MOTIONS TO STRIKE DEFENDANTS' AMENDED DECLARATIONS (DOCS. 36, 39) |
| Defendants. | |

Plaintiff Carlos Quiroz ("Plaintiff") is a California state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's complaint, filed October 16, 2006, against Defendants Adams, Wu, McGuinness, Shen, and Attygalla for violation of the Eighth Amendment. On November 19, 2009, Defendants filed a motion for summary judgment.  (Doc. 26.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 18, 2010, the Magistrate Judge filed a Findings and Recommendations herein which was served on the parties and which contained notice to the parties that any objection to the Findings and Recommendations was to be filed within twenty-one days.

1

Defendants filed an Objection to the Findings and Recommendations on August 23, 2010. (Doc. 37.) Plaintiff filed an Objection to the Findings and Recommendations on September 7, 2010. (Doc. 40.) Plaintiff also filed motions to strike Defendants' amended declarations on August 20 and August 25 of 2010. (Docs. 36, 39.) Defendants filed an opposition to the motion to strike on August 23, 2010. (Doc. 38.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis in part as stated herein, and provides the following additional analysis. The Court will first address Plaintiff's motion to strike.

**I.   Plaintiff's Motions To Strike**

Plaintiff contends that Defendants' amended declarations, submitted on August 2, 2010, should be stricken. On July 20, 2010 the Magistrate Judge provided Defendants with the opportunity to submit amended declarations in support of their motion for summary judgment. (Doc. 32.) Defendants' original declarations had not been signed pursuant to 28 U.S.C. § 1746, and thus they were not competent evidence for purposes of a summary judgment motion. Plaintiff objected to the Magistrate Judge's order. Defendants subsequently submitted their amended declarations on August 2, 2010.

Plaintiff contends that Defendants' amended declarations are not signed pursuant to Federal Rule of Civil Procedure 11(a) and 56(e). (Docs. 36, 39.) Plaintiff further contends that it is

2

highly prejudicial to Plaintiff that the Court "assisted" Defendants' counsel in this process. (*Id.*)

Defendants contend that the declarations are properly signed. (Doc. 38.) Having examined the court docket, the Court find that the declarations were filed with electronic signatures, with a document of original signatures attached to Defendants' objection. This is a permitted method of signature under the Local Rules of this Court. L.R. 131(f), (g).

As to the Court permitting Defendants to submit amended declarations, the Court has the inherent power to manage its docket. *United States v. W. R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008)(citation omitted). It is not the preference of this Court to adjudicate motions on procedural defects if the defects can be easily cured. Plaintiff would have been afforded the opportunity to cure the same deficiencies in his declarations if they had been present. Thus, Plaintiff's motions to strike are denied.

## II.  **Plaintiff's Objections**[1]

Plaintiff contends that the Magistrate Judge erred in finding that Plaintiff failed to dispute Defendants' undisputed facts regarding the high intraocular eye pressure which Plaintiff experienced. (Pl.'s Obj. 3-4.) Plaintiff contends that Defendants failed to prescribe three medications for treatment of Plaintiff's glaucoma, as recommended by an eye specialist, and failed to schedule timely follow-ups with the specialists. Plaintiff fails to demonstrate deliberate indifference on the part of Defendants.

---

[1] Plaintiff's objections contain the same arguments raised in Plaintiff's motion to strike Defendants' amended declarations. Those arguments are resolved as stated herein.

3

1  Failure to follow a specialists' recommendation is not sufficient
2  by itself to demonstrate deliberate indifference. *See Toguchi v.*
3  *Chung*, 391 F.3d 1051, 1058 (9th Cir. 2006) (difference of opinion
4  between medical professionals is deliberately indifferent if
5  prisoner shows that treatment chosen was medically unacceptable
6  under the circumstances and chosen in conscious disregard of an
7  excessive risk to prisoner's health). Defendants presented
8  evidence that they did provide some treatment for Plaintiff's
9  glaucoma.

10  Plaintiff contends that Defendants' declarations are comprised
11  of inadmissible hearsay. (Pl.'s Obj. 4.) Plaintiff fails to
12  demonstrate how or why Defendants' declarations are inadmissible
13  hearsay. Fed. R. Evid. 801(c), 802, 803.

14  Plaintiff's dispute with the expertise of Defendants' expert
15  witnesses is unpersuasive. The Defendants' expert witnesses
16  sufficiently demonstrated the basis of their expertise by
17  submitting curriculum vitae in support. (Taylor Decl., Ex. CV-A,
18  Curriculum Vitae; Kaye Decl., Ex. CV-A, Curriculum Vitae.)
19  Defendants reviewed Plaintiff's medical record prior to reaching
20  their opinion. Their testimony is thus not hearsay. *See* Fed. R.
21  Evid. 702 (witnesses qualified by knowledge, skill, experience,
22  training, or education may testify to an opinion if based upon
23  sufficient data and reliable application of reliable methods); *Id.*
24  703 (opinion testimony by expert witnesses is admissible).

25  Plaintiff's remaining objections are composed of lengthy
26  citation to case law, and legal conclusions. Such objections are
27  unavailing. The Magistrate Judge properly considered the
28  applicable law in this matter. Accepting all material facts in the

4

light most favorable to the non-moving party, the Court finds that Plaintiff presents insufficient evidence to demonstrate that any Defendants had knowledge of and disregarded a serious risk to Plaintiff's health regarding his eye issues. Accordingly, Plaintiff's objections are overruled.

### III. **Defendants' Objections**

Defendants contend that there is no medical evidence that Defendants Shen, Wu, Attygalla, or McGuinness failed to treat or address Plaintiff's kidney stones. Defendants also contend that Plaintiff's declarations are inadmissible hearsay, and that he cannot testify as to appropriate medical treatments or medical diagnoses. While Plaintiff may not testify as a medical expert, Plaintiff can testify as to what treatment he did or did not receive, as he is a percipient witness to such matters.[2]

Plaintiff received treatment on several occasions beginning in June 7, 2004, when he underwent multiple procedures to attempt to treat Plaintiff's kidney stones. (Findings and Recommendations 11:10-12.) Plaintiff received stent placement and shock wave lithothripsy by Dr. Dwivedi on ten occasions from June 2004 to July 2005. (*Id.* at 11:12-14.) Plaintiff later received a consultation with Dr. Roger Low in January 2006, who then performed a uteroscopy stone removal, with placement of stent. (*Id.* at 11:14-17.) In April 2006, Plaintiff underwent stent removal. (Id. at 11:17-18.) Plaintiff also received treatment for his kidney complaints by Dr.

---

[2] Plaintiff's "self-serving" statements in his declarations are not hearsay. The statements go towards Defendants' knowledge that Plaintiff informed them of his kidney issues, not to whether Plaintiff actually has kidney issues. Declarations in support of one party are generally self-serving, which does not affect their use.

5

Low from 2006 through 2009.

The time frame in which Plaintiff received treatment for his kidney issues occurred during his incarceration at California Substance Treatment Facility ("SATF"), and thus within the time frame of treatment by Defendants Wu and McGuinness. Even construing all facts in the light most favorable to the non-moving party, the Court finds that Defendants Wu and McGuinness are entitled to summary judgment. The evidence indicates that Plaintiff's kidney stone issues were not disregarded; rather, he received several instances of treatment. The effectiveness of the treatment is not controlling. The material question is whether Defendants knew of and disregarded an excessive risk to Plaintiff's health. The evidence presented indicates he received treatment for his kidney stone issues at SATF. Defendants' failure to provide a requested urine test within twenty-fours, special diet, or double mattress chrono as recommended by a urology specialist is not sufficient to demonstrate that Defendants acted with deliberate indifference. *Toguchi*, 391 F.3d at 1058. Thus, Defendants Wu and McGuinness should receive summary judgment as to Plaintiff's kidney stone claims.

Defendants present a declaration from their expert witness stating that there was no medical evidence Defendants Shen or Attygalla failed to treat Plaintiff's kidney stones. However, Plaintiff submits his own declaration which indicates that he complained to Defendant Attygalla about his lack of treatment for his kidney stones, but received none. (Pl.'s Decl. In Opp'n Def. Attygalla ¶¶ 6-8.) Plaintiff made a complaint to Defendant Shen about his kidney stones, requesting a referral to a urologist and

1  a lower bunk chrono, and also received no treatment.  (Pl.'s Decl.
2  In Opp'n Def. Shen ¶¶ 6-9.)  Plaintiff is competent to testify as
3  to the pain he suffered and the treatment he received, if any.[3]

4  Construing the material facts in light most favorable to the non-moving party, the Court finds there remains a triable issue of material fact as to whether Defendants Attygalla and Shen were deliberately indifferent to Plaintiff's serious medical needs regarding treatment of his kidney stones at Wasco State Prison and Lancaster State Prison.  At the summary judgment stage, the Court will not weigh the credibility of Defendants' expert witness against Plaintiff's credibility.

**IV.  Conclusion And Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to strike, filed August 20 and August 25, 2010, are DENIED;

2. The Findings and Recommendations, filed August 18, 2010, is adopted in part as stated herein;

3. Defendants' motion for summary judgment, filed November 19, 2009, is GRANTED as to Defendants Adams, McGuinnes, and Wu for all claims, and as to Defendants Attygalla and Shen for Plaintiff's claims regarding medical treatment of his eye issues;

4. Defendants' motion is DENIED as to Defendants Attygalla and Shen for Plaintiff's claims regarding medical

---

[3] Defendants also contend that Plaintiff received treatment in May 2003 to remove some of Plaintiff's kidney stones. (Pl.'s Opp'n, Ex. M, Doc. 29.)  This was one instance of treatment for Plaintiff's kidney issues, and occurred prior to his incarceration at any state correctional institution mentioned herein.  That evidence is thus not persuasive for the issue of deliberate indifference by Defendants in this action.

7

            treatment of his kidney stones; and
///
     5.   The action is referred to the Magistrate Judge for
          further scheduling and proceedings.

IT IS SO ORDERED.

**Dated:   September 16, 2010**            /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE