# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS QUIROZ,<br><br>        Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-CV-01426-OWW-DLB PC<br><br>ORDER DISREGARDING MOTION FOR SETTLEMENT CONFERENCE (DOC. 52)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME SUBMIT MONEY ORDERS (DOC. 54)<br><br>JANUARY 18, 2011 DEADLINE<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF MEDICAL EXPERT (DOC. 55) |

    Plaintiff Carlos Quiroz ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint against Defendants Attygalla and Shen for violation of the Eighth Amendment.

    Pending before the Court are: 1) Plaintiff's motion for a settlement conference, filed November 12, 2010; 2) Plaintiff's motion for extension of time to submit money orders for travel expenses for unincarcerated witnesses, filed December 6, 2010; and 3) Plaintiff's motion for appointment of medical expert, filed December 6, 2010. Docs. 52, 54, 55. Defendants filed their responses to the motions on November 12, 2010 and December 8, 2010. Docs. 53, 56.

**I.    <u>Motion For Settlement Conference</u>**

    Plaintiff moves for a settlement conference in this matter. Defendants responded that they would not settle for any monetary amount because Plaintiff would be unable to prove his

1

1   claims.  As Defendants have indicated an unwillingness to settle, it is HEREBY ORDERED that
2   Plaintiff's motion for settlement conference, filed November 12, 2010, is DISREGARDED.

3   **II.      Motion For Extension Of Time To Submit Money Orders**

4       Plaintiff requests up to and including January 18, 2011 to submit money orders required
5   for the attendance of unincarcerated witnesses at trial.  Plaintiff contends that he contacted family
6   members in Peru, who will send him the money by that time.

7       Defendants contend that the Court should deny Plaintiff's motion.  Defendants contend
8   that Plaintiff has not shown an ability to secure these funds.  Defendants further contend that
9   requiring Defendant Shen, who currently resides in Taiwan, to travel to Fresno for trial would be
10  a miscarriage of justice in this instance.

11      Defendants' arguments are unpersuasive.  Plaintiff's list of unincarcerated witnesses
12  includes three doctors, all of whom presumably reside in California.  Defendant Shen is not one
13  of these witnesses.  Thus, Defendants' argument is moot.

14      Accordingly, Plaintiff's motion for extension of time to submit money orders, filed
15  December 6, 2010, is GRANTED.  Plaintiff is granted up to and including January 18, 2011 in
16  which to submit his money orders to the Court.

17  **III.     Motion For Appointment Of Medical Expert**

18      Plaintiff requests that the Court appoint a medical expert in this action.  Plaintiff's request
19  for expert witnesses concerning prison management is denied.  Federal Rule of Evidence 706
20  allows the Court to appoint expert witnesses on its own motion or on motion by a party.  Fed. R.
21  Evid. 706; *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071
22  (9th Cir. 1999).  Pursuant to Federal Rule of Evidence 702, "[i]f scientific, technical, or other
23  specialized knowledge will assist the trier of fact to understand the evidence or to determine a
24  fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or
25  education, may testify thereto in the form of an opinion or otherwise."

26      The function of an expert witness is to assist the trier of fact in understanding the
27  evidence. The Court does not find that an expert witness would be necessary in this matter.
28  "The decision to appoint an expert under [Fed. R. Evid. 706(a)] rests solely in the Court's

1  discretion and is to be informed by such factors as the complexity of the matters to be determined
2  and the fact-finders need for a neutral, expert view." *Mavity v. Fraas*, 456 F. Supp. 2d 29, 34 n.4
3  (D.D.C. 2006) (internal quotations and citation omitted).  The Court does not find this litigation
4  to be so particularly complex as to require appointment of an expert.  Accordingly, Plaintiff's
5  motion for appointment of expert, filed December 6, 2010, is DENIED.

6      IT IS SO ORDERED.

7      Dated:  **December 10, 2010**                    **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE