# WILMERHALE

**Katie Moran**

+1 213 443 5381 (t)
+1 213 443 5400 (f)
katie.moran@wilmerhale.com

December 29, 2011

United States District Court
  for the Eastern District of California,
  Fresno Division
Office of the Clerk
2500 Tulare Street
Room 1501
Fresno, CA  93721

FILED
JAN 0 3 2012
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

Re:  Quiroz v. CDCR et al., 1:06-CV-01426

To Whom It May Concern:

On behalf of my client, Carlos Quiroz, plaintiff in the above-referenced action, I write in reference to money orders served on non-party witnesses pursuant to the Court's Scheduling Order September 20, 2010 (Docket # 42, attached). On January 13, 2011, the Court directed service of a subpoena and witness money order on Rejenda Dwivide (Docket #65, attached). On April 25, 2011, a Certificate of Service of Subpoena on Dr. Dwivide was filed with the Court; however, the subpoena was unsigned (Docket #78, attached). The subpoena indicates that the money order was requested in the amount of $95.50 and that its tracking number is 14-231849680.

Pursuant to an order entered by Judge Ishii on August 12, 2011 (Docket #88, attached), I am now in the process of facilitating the return of this money order to my client. I have spoken to Dr. Dwivide, and he says he never received either the subpoena or the money order. Please advise (i) how to track down the destination of the money order and (ii) how to promptly obtain and return the money owed to my client in accordance with the Court's Order.

You can reach me at 213-443-5381 at your earliest convenience.

Best regards,

*/s/ Katie Moran*

Katie Moran

cc:  Catherine Woodbridge, Esq.

RECEIVED
JAN 0 3 2012
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

Wilmer Cutler Pickering Hale and Dorr LLP, 350 South Grand Avenue, Suite 2100, Los Angeles, California 90071
Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS QUIROZ, | CASE NO. 1:06-CV-01426-OWW-DLB PC |
| Plaintiff, | **SECOND SCHEDULING ORDER** |
| v. | **ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER THEY CONSENT TO MAGISTRATE JUDGE JURISDICTION WITHIN THIRTY DAYS** |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | **ORDER DIRECTING CLERK'S OFFICE TO SEND LOCAL RULE 281 TO PLAINTIFF AND CONSENT FORMS TO PARTIES** |
| | Telephonic Trial Confirmation Hearing: February 11, 2011, at 11:00 a.m. in Courtroom 9 (DLB) |
| | Jury Trial: March 15, 2011, at 9:00 a.m. in Courtroom 3 (OWW) |

Plaintiff Carlos Quiroz ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint against Defendants Shen and Attygalla for violation of the Eighth Amendment. Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court will, by this order, set a further schedule for this litigation.

The parties are required to file pre-trial statements in accordance with the schedule set forth herein. In addition to the matters already required to be addressed in the pre-trial statement in accordance with Local Rule 281, Plaintiff will be required to make a particularized showing in order to obtain the attendance of witnesses. The procedures and requirements for making such a showing

1

are outlined in detail below. Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pre-trial statement.

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony. If Plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

1. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily - An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless the Court orders the warden or other custodian to permit the witness to be transported to court. The Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; and (b) the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file concurrent with the pre-trial statement a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court.

**Motions for the attendance of incarcerated witnesses, if any, must be filed on or before January 21, 2011. Oppositions, if any, must be filed on or before February 4, 2011.**

2. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u> - If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pre-trial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

3. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u> - It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the Court.

4. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u> - If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party

3

seeking the witness's presence must tender an appropriate sum of money for the witness. *Id.* In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. <u>The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court.</u> Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

**If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later than February 11, 2011.** In order to ensure timely submission of the money orders, Plaintiff should notify the Court of the names and locations of his witnesses, in compliance with step one, as soon as possible.

The parties are advised that failure to file pre-trial statements as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

Finally, the Court shall direct the Clerk's Office to provide the parties with consent/decline forms. Within thirty days from the date of service of this order, the parties shall inform the Court whether they consent to or decline Magistrate Judge jurisdiction by filling out the forms and returning them to the Court.

Accordingly, the Court HEREBY ORDERS as follows:

1. This matter is set for telephonic trial confirmation hearing before the Honorable Dennis L. Beck on **February 11, 2011, at 11:00 a.m.** in Courtroom 9;

2. This matter is set for jury trial before the Honorable Oliver W. Wanger on **March 15,**

4

2011, at 9:00 a.m. in Courtroom 3;

3. Counsel for Defendants is required to arrange for the participation of Plaintiff in the telephonic trial confirmation hearing and to initiate the telephonic hearing at **(559) 499-5670**;

4. Plaintiff shall serve and file a pretrial statement as described in this order on or before **January 21, 2011**;

5. Defendants shall serve and file a pretrial statement as described in this order on or before **February 4, 2011**;

6. In addition to electronically filing their pretrial statement, Defendants shall e-mail the pretrial statement to: dlborders@caed.uscourts.gov;

7. If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **January 21, 2011**;

8. The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **February 4, 2011**;

9. If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders, as described in subsection 4 of this order, to the Court on or before **February 11, 2011**;

10. The Clerk's Office shall send the parties consent/decline forms;

11. Within **thirty (30) days** from the date of service of this order, the parties shall notify the Court whether they consent to or decline Magistrate Judge jurisdiction by filling out the enclosed forms and returning them to the Court; and

12. The Clerk's Office shall send Plaintiff a copy of Local Rule 281.

IT IS SO ORDERED.

Dated: **September 20, 2010**     /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE

5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS QUIROZ, | CASE NO. 1:06-CV-01426-OWW-DLB PC |
| Plaintiff, | ORDER DIRECTING SERVICE OF SUBPOENA ON WITNESS **REJENDA DWIVIDE** BY THE UNITED STATE MARSHAL WITHOUT PREPAYMENT OF COSTS |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this civil rights action. Plaintiff has submitted the required money orders made payable to the witness **Rejenda Dwivide** being commanded to appear at trial on August 23, 2011. The Court will use the address provided by Plaintiff. *See* Doc. 49. Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to forward the following documents to the United States Marshal:

    (1) One completed and issued subpoena to be served on **Rejenda Dwivide**;

    (2) One completed USM-285 form;

    (3) One money order #14-231840680 in the amount of $95.50, made payable to **Rejenda Dwivide**; and

    (4) One copy of this order for **Rejenda Dwivide**, plus an extra copy for the Marshal.

1

2. Within **TEN** days from the date of this order, the United States Marshal is directed to serve the subpoena and money order on **Rejenda Dwivide** in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure.

3. The U.S. Marshal is directed to retain the subpoena in their file for future use.

4. The United States Marshal shall personally serve process and a copy of this order upon **Rejenda Dwivide** pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections (CDC) to execute this order. The United States Marshal shall maintain the confidentiality of all information provided by the CDC pursuant to this order.

5. Within ten days after personal service is effected, the United States Marshal shall file the return of service, along with the costs subsequently incurred in effecting service. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the subpoena and for preparing new USM-285 forms, if required.

IT IS SO ORDERED.

Dated: __January 13, 2011__          _____/s/ Dennis L. Beck_____
                                      UNITED STATES MAGISTRATE JUDGE

# PROCESS RECEIPT AND RETURN
U.S. Department of Justice
United States Marshals Service

*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Carlos Quiroz | 1:06-CV-1426-OWW-DLB |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| California Dept. of Corrections | |

**SERVE** → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Rejenda Dwivide

**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

900 Quebec Avenue, Corcoran, CA 93212

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Carlos Quiroz, V-13738
P.O. Box 5242
Corcoran, CA 93212

| Number of process to be served with this Form - 285 | 1 |
|---|---|
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

FILED
APR 25 2011
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

| Signature of Attorney or other Originator requesting service on behalf of: ☐ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE 1/13/11 |
|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process 1 | District of Origin No. 91 | District to Serve No. A90 | Signature of Authorized USMS Deputy or Clerk | Date 1/18/11 |
|---|---|---|---|---|---|

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|

| Address (complete only if different than shown above) | Date of Service 4-5-11 | Time 10:45 pm |
|---|---|---|
| | Signature of U.S. Marshal or Deputy 4432 | |

| Service Fee $110.00 | Total Mileage Charges (including endeavors) $51.00 | Forwarding Fee | Total Charges $161.00 | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|

REMARKS: 1 DUSM 2 HRS 100 MI RT

I, Dr. Rejenda Dwivide, received money order #14-231840680 in the amount of $95.50.

Signature: _____ Date: _____

PRIOR EDITIONS MAY BE USED     **1. CLERK OF THE COURT**     FORM USM-285 (Rev. 12/15/80)

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS QUIROZ, | CASE NO. 1:06-CV-01426-OWW-DLB PC |
| Plaintiff, | ORDER REQUIRING WITNESSES TO RETURN MONEY ORDERS TO PLAINTIFF'S COUNSEL |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (DOC. 87) |
| Defendants. | THIRTY DAY DEADLINE |

Plaintiff Carlos Quiroz ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding against Defendants Attygalla and Shen for violation of the Eighth Amendment.

On January 13, 2011, the Court issued an order directing the United States Marshals Service to serve Drs. Rejenda Dwivide and Roger Low with subpoenas and money orders for attendance at trial on August 23, 2011. That trial date has now been vacated. The subpoenas were thus unnecessary, and vacated. Pursuant to 28 U.S.C. § 1821, Drs. Low and Dwivide were also served with money orders for purposes of appearing before the Court on August 23, 2011 as witnesses for trial in this action. Because these witnesses are no longer needed for an August 23, 2011 trial, the money orders are no longer necessary and need not have been issued. The Court will order Drs. Low and Dwivide to return the money orders to Plaintiff's counsel. Plaintiff's counsel will hold these money orders in trust for Plaintiff.

1

Accordingly, it is HEREBY ORDERED that:

1. Doctors Rejenda Dwivide and Roger Low are to return the money orders that they received pursuant to 28 U.S.C. § 1821 as fees for appearing as witnesses for trial in this action, within thirty (30) days from the date of service of this order;

2. Doctors Dwivide and Low are to mail the money orders to the following address:

   Jonathan Acker Shapiro
   Wilmer Cutler Pickering Hale and Dorr, LLP
   950 Page Mill Road
   Palo Alto, CA 94304

3. Plaintiff's counsel is to retain these money orders in trust for Plaintiff; and

4. The Clerk of the Court is directed to serve this order by mail on doctors Dwivide and Low using the addresses listed on the certificates of service (Docs. 73 and 78).

IT IS SO ORDERED.

Dated: __August 12, 2011__        __/s/ Dennis L. Beck__
                                                    UNITED STATES MAGISTRATE JUDGE

2