1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  ALBERTO L. GONZALEZ, State Bar No. 117605
   Supervising Deputy Attorney General
3  CATHERINE WOODBRIDGE GUESS, State Bar No.
   186186
4  Deputy Attorney General
    1300 I Street, Suite 125
5   P.O. Box 944255
    Sacramento, CA 94244-2550
6   Telephone:  (916) 445-8216
    Fax:  (916) 322-8288
7   E-mail:  Catherine.Woodbridge@doj.ca.gov
   *Attorneys for Defendant Drs. Shen and Attygalla*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **CARLOS QUIROZ,** | 1:06-cv-01426 OWW DLB (PC) |
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR SETTLEMENT CONFERENCE** |
| v. | |
| **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,** | |
| Defendants. | |

I.    **INTRODUCTION**

        Summary judgment was granted on September 17, 2010, against Drs. Shen and Attygalla as to any issues regarding Plaintiff's eye condition.  (Docket No. 41).  The sole remaining cause of cause of action is alleged deliberate indifference to Plaintiff's kidney condition.  (See Docket No. 41.)  Plaintiff testified that he is not suing Dr. Attygalla for his kidney complaints.  (Deposition of Carlos Quiroz p. 100:2-4.)

        **DEPOSITION OF CARLOS QUIROZ 2/26/09**

        Q:     What about Dr. Aytigalla (sic).  Are you suing her for your kidney problems?

1

1    A:    No, I sue Dr. Shen.

**II.    SETTLEMENT CONFERENCE WOULD BE FUTILE**

A settlement conference would be futile. Defense counsel informed Plaintiff's counsel that Defendants will not pay any money to Plaintiff. Counsel for Plaintiff has been aware since June of 2011 that dismissal of the action or jury trial are the only options Defendants will consider for resolution of this matter.

On June 16, 2011, defense counsel prepared a letter to counsel for Plaintiff requesting that Plaintiff dismiss the claims against Drs. Shen and Attygalla. In this letter, defense counsel outlined bases for the request to dismiss which are found in the medical records as well as Plaintiff's deposition testimony.

### A.    Medical evidence does not support Plaintiff's claim of deliberate indifference to kidney condition.

The undisputed evidence establishes that Plaintiff has a condition known as medullary sponge kidney. This condition results in multiple calcifications forming primarily in the parenchyma or body of the kidney substance which sometimes work their way into the collecting system of the kidney, pass into the ureters and cause pain. Medullary sponge kidney is a congenital condition. Nothing any medical providers did or did not do resulted in the formation of those calculi.

Dr. Bradley Taylor, M.D., is an expert in urology. Dr. Taylor was retained by Defendants. If called, Dr. Taylor will testify that medullary sponge kidney is not a condition that can be cured, but rather the doctors attempt to manage it. The medical evidence shows that both Drs. Shen and Attygalla acted properly in attempting to manage the condition and that Plaintiff was under the constant care of urologists for his condition. There is no medical evidence that anything Drs. Shen or Attygalla did or didn't do caused harm to Plaintiff.

### B.    Plaintiff failed to disclose any experts in this matter.

Plaintiff failed to disclose any experts in this matter. This failure precludes Plaintiff from offering any expert testimony regarding his kidney complaints. Consequently, it will be impossible for him to successfully argue his claims. Expert testimony is required in this matter

2

because a lay person cannot testify about the medical condition, what treatment is required for the condition and what if any harm was caused by the alleged failure to treat this condition. Plaintiff is not an expert and has no medical training and therefore cannot testify regarding his kidney condition.

**C.      Plaintiff testified he is not suing Dr. Attygalla for his kidney condition.**

At his deposition, Plaintiff acknowledged that his claim against Dr. Attygalla is limited to his eye condition. (Deposition p. 71:15-24). Plaintiff further admitted that he is not suing Dr. Attygalla based on his kidney problems. (Deposition p. 100:2-4).

## III.   CONCLUSION

Defendants are confident that because the medical evidence, Plaintiff's failure to disclose an expert to testify to any medical issues and Plaintiff's admission that Dr. Attygalla is not liable for his kidney complaints a defense verdict will be rendered. For these reasons, Defendants will not offer any monetary settlement in this matter. Consequently, a settlement conference would be futile and a waste of judicial resources.

Dated:  January 12, 2012                    Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General


*/s/ Catherine Woodbridge Guess*

CATHERINE WOODBRIDGE GUESS
Deputy Attorney General
*Attorneys for Defendant Drs. Shen and Attygalla*

SA2008301545
10816661.doc