KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
ALBERTO L. GONZALEZ, State Bar No. 117605
Supervising Deputy Attorney General
CATHERINE WOODBRIDGE GUESS, State Bar No. 186186
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 445-8216
  Fax:  (916) 322-8288
  E-mail:  Catherine.Woodbridge@doj.ca.gov
*Attorneys for Defendants Drs. Shen and Attygalla*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **CARLOS QUIROZ,**<br><br>                      Plaintiff,<br><br>v.<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,**<br><br>                      Defendants. | 1:06-cv-01426 AWI –DLB (PC)<br><br>**DEFENDANTS' PRE TRIAL STATEMENT**<br><br>Date:       February 1, 2012<br>Time:      8:30 a.m.<br>Courtroom: 2<br>Judge      The Honorable Anthony W. Ishii<br>Trial Date:  March 6, 2012<br>Action Filed:  October 16, 2006 |

Defendants Shen and Attygalla hereby submit the following pretrial statement:

I.   **JURISDICTION**

The Court has jurisdiction for a federal civil rights claim brought pursuant to 42 U.S.C. § 1983 claim for deliberate indifference to medical needs.  There are no disputes regarding jurisdiction or venue.

II.   **JURY**

Defendants demanded jury trial.  (Docket No. 20.)

1

### III.  UNDISPUTED FACTS

1. Plaintiff has a condition known as medullary sponge kidney.
2. Medullary sponge kidney is a congenital condition.
3. At all times relevant to this action, Dr. Attygalla and Dr. Shen were medical doctors licensed by the State of California and in good standing with the California Medical Board.
4. At all times relevant to this action, Drs. Attygalla and Shen were employed by the California Department of Corrections and Rehabilitation as physicians and surgeons.
5. Dr. Shen worked at Wasco State Prison.
6. Dr. Attygalla worked at Lancaster State Prison.
7. At all times relevant to this action, Dr. Attygalla was an ophthalmologist.
8. Plaintiff was incarcerated at Wasco State Prison from November 14, 2003 to March 10, 2004.
9. Plaintiff was incarcerated at Lancaster State Prison from March 10, 2004 to May 18, 2004.
10. On November 26, 2003, Dr. Shen referred Plaintiff for urology consult.
11. On January 3, 2004, Plaintiff was seen for urology consult.
12. On January 9, 2004, Dr. Shen made another referral for Plaintiff for urology consult.
13. Beginning in 2004, plaintiff was under the care of urologists.
14. Multiple procedures were undertaken in an attempt to treat his kidney stones.
15. On January 21, 2004, Plaintiff was seen by Dr. Stone for urology consult.
16. On June 7, 2004, plaintiff underwent Cystoscopy, Stent replacement and shock ways lithotripsy by Dr. Rajendra Dwivedi.
17. On July 12, 2007, August 8, 2004, September 13, 2004, January 2, 2005, February 7, 2005, March 7, 2005, April 4, 2005, May 9, 2005 and July 11, 2005, plaintiff underwent shock wave lithothripsy by Dr. Rajendra Dwivedi.
18. On January 13, 2006, plaintiff had a consultation with urologist Dr. Roger Low, M.D. at UC Davis.
19. Dr. Low performed ureteroscopy stone removal with replacement of stent.

20. On April 5, 2005, plaintiff underwent stent removal at UC Davis by Dr. Roger Low with recommendations for stone treatment sent to Dr. Bhat.

21. Plaintiff was under the constant care of urology specialists who were addressing his kidney stone problem.

22. Plaintiff is not suing Dr. Attygalla for kidney complaints.

23. There is no medical evidence that Dr. Attygalla or Dr. Shen caused harm to Plaintiff's kidney condition.

24. There is no medical evidence to support Plaintiff's claims that he was in pain and discomfort when he saw defendant Drs. Attygalla and Shen.

### IV. DISPUTED FACTUAL ISSUES

1. Whether Dr. Shen was deliberately indifferent to Plaintiff's medical needs.

2. Whether Dr. Attygalla was deliberately indifferent to Plaintiff's medical needs.

### V. DISPUTED EVIDENTIARY ISSUES

Plaintiff failed to disclose any medical experts who can support his claims.

### VI. SPECIAL FACTUAL INFORMATION

None.

### VII. RELIEF SOUGHT

Plaintiff seeks money damages.

### VIII. POINTS OF LAW

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) citing *Wilson v. Seiter,* 501 US 294, 298 (1991). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer,* 511 U.S. at 837. A prison

official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id*.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories,* 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. 97, 105-106. Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835, quoting *Whitley v. Albers,* 475 U.S. 312, 319, 89 L. Ed. 2d 251, 106 S. Ct. 1078 (1986). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; see also *Anderson v. County of Kern,,* 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith,* 974 F.2d 1050 (9th Cir. 1992), <u>overruled on other grounds</u>, *WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)

Likewise, mere delay in providing treatment will not constitute deliberate indifference if the delay itself does not lead to injury. *Shapley v. Nevada Bd. of State Prison Comm'rs*., 766 F.2d 404, 407 (9th Cir. 1986). Plaintiff must establish that the delay was harmful. *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994); *McGuckin*, 974 F.2d at 1059; *Wood*, 900 F.2d at 1335; *Hunt v. Dental Dept.,* 865 F.2d 198, 200 (9th Cir. 1989). Plaintiff cannot prevail on a 1983 claim where the quality of treatment is subject to dispute. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Id*.

### IX. ABANDON ISSUES

Summary judgment was granted on September 17, 2010, against Drs. Shen and Attygalla as to any issues regarding Plaintiff's eye condition. (Docket No. 41). Plaintiff testified that he is not suing Dr. Attygalla for his kidney complaints. (Deposition p. 100:2-4).

<u>DEPOSITION OF CARLOS QUIROZ 2/26/09</u>

Q: What about Dr. Aytigalla (sic). Are you suing her for your kidney problems?

A: No, I sue Dr. Shen.

### X. WITNESSES

1. Dr. Shen, c/o Catherine Guess Office of the Attorney General, 1300 I Street, Sacramento, CA 95814, 916-445-8216. Dr. Shen is a medical doctor retired from the California Department of Corrections and Rehabilitation. At all times relevant to this action Dr. Shen was a licensed medical doctor in good standing with the State of California. Dr. Shen will offer expert testimony concerning his knowledge of Plaintiff's complaints and his treatment of Plaintiff for medical complaints.

2. Dr. Attygalla, c/o Catherine Guess Office of the Attorney General, 1300 I Street, Sacramento, CA 95814, 916-445-8216. Dr. Attygalla is a medical doctor retired from the California Department of Corrections and Rehabilitation. At all times relevant to this action Dr. Attygalla was a licensed medical doctor in good standing with the State of California. Dr. Attygalla will offer expert testimony concerning her knowledge of Plaintiff's complaints and her treatment of Plaintiff for medical complaints.

3. Dr. Bradley Taylor, M.D., Orange County Urology Associates, Inc. 25200 La Paz Road, Suite 200, Laguna Hills, CA 92665 (949) 855-1101. Dr. Taylor is board certified in urology. Dr. Taylor was retained by defendants to provide opinions at trial regarding Plaintiff's kidney condition and treatment. Dr. Taylor will offer expert testimony regarding Plaintiff's kidney condition, treatment received and any medical cause of injuries or problems with Plaintiff's kidneys.

XI.  **EXHIBITS**

    1.    Plaintiff's medical records from CDCR concerning his kidney condition, including but not limited to medical records applicable to the dates when Plaintiff was at Wasco State Prison (Dr. Shen) and Lancaster State Prison (Dr. Attygalla).

XII.  **DISCOVERY DOCUMENTS**

    1.    Plaintiff's deposition transcript.

XIII.  **FURTHER DISCOVERY OR MOTIONS**

    None.

XIV.  **STIPULATIONS**

    None.

XV.  **AMENDMENTS OR DISMISSALS**

    None.

XVI.  **SETTLEMENT NEGOTIATIONS**

    None.

XVII.  **AGREED STATEMENTS**

    None.

XVIII.  **SEPARATE TRIAL OF ISSUES**

    N/A.

XIX.  **IMPARTIAL EXPERTS**

    None anticipated.

XX.  **ATTORNEY'S FEES**

    Plaintiff was appointed counsel March 30, 2011. (Docket No. 76.)

XXI.  **TRIAL EXHIBITS**

    No special handling of exhibits is anticipated.

XXII.  **TRIAL PROTECTIVE ORDER**

    None anticipated.

///

///

**XXIII. M**ISC**.**

   N/A.

Dated:  January 17, 2012               Respectfully submitted,

K AMALA D. H ARRIS
Attorney General of California
A LBERTO L. G ONZALEZ
Supervising Deputy Attorney General

*/s/ Catherine Woodbridge Guess*

C ATHERINE W OODBRIDGE G UESS
Deputy Attorney General
*Attorneys for Defendants Attorneys for Defendants Drs. Shen and Attygalla*

SA2008301545
10810511.doc