# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS QUIROZ,<br><br>          Plaintiff,<br><br>     v.<br><br>DOCTOR SHEN, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:06-CV-01426-AWI-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO TAKE TRIAL DEPOSITION OF PLAINTIFF<br><br>(DOC. 97) |

     Plaintiff Carlos Quiroz ("Plaintiff") was formerly in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  This action is proceeding against Defendants Shen and Attygalla for deliberate indifference in violation of the Eighth Amendment. Pending before the Court is Plaintiff's motion for leave to take trial deposition of Plaintiff, filed January 25, 2012.  Doc. 97.  On January 26, 2012, Defendants filed their opposition.  Because of the urgent nature of the motion, the Court will issue its order without waiting for Plaintiff to file a reply.

     Plaintiff contends that he is currently being held in federal immigration detention waiting removal to Peru.  Pl.'s Mot. 1-2.  Plaintiff may thus be removed prior to the March 6, 2012 trial. *Id.*  Plaintiff contends that a second deposition is necessary to preserve Plaintiff's testimony. *Id.* Plaintiff suggests a date of February 2, 2012 to conduct the deposition, given the imminent nature of such removal. *Id.*

     Defendants contend that leave should not be granted because 1) discovery is closed, 2) Plaintiff's deposition was already taken and the transcript can be used at trial if necessary, 3)

Plaintiff's request is not timely, and 4) granting leave is prejudicial to Defendants. Defs.' Opp'n 2.

Having considered the parties' arguments, the Court finds that leave for a second deposition of Plaintiff should not be granted. The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)). Pursuant to Federal Rule of Civil Procedure 16, a pretrial scheduling order "shall not be modified except upon a showing of good cause," and leave of court. Fed. R. Civ. P. 16(b)(4); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002). Although "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

The Court does not find good cause exists to modify the schedule. Defendants are correct that discovery is closed. Plaintiff has already been deposed regarding this action, and such deposition can be used at trial. Fed. R. Civ. P. 32. To allow a deposition at this time would also unfairly prejudice Defendants, as the deposition would need to occur within eight days after the filing of the motion.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for leave to trial deposition of Plaintiff, filed January 25, 2012, is denied.

IT IS SO ORDERED.

Dated:   **January 26, 2012**              **/s/ Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE

2